United States District Court
Southern District of Texas
ENTERED
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SUNIL SHAHU, *et al.*,** | § | |
| **Petitioners,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00879** |
| | § | |
| **ATTORNEY GENERAL, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Sunil Shahu and Khusbu Jaiswal ("Petitioners") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of their detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioners' Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

**Background**

Petitioners are a husband and wife who entered the United States on or around January 9, 2025. (Dkt. 1 at 4; Dkt. 13 at 2.) They were detained shortly after entry and have remained in ICE custody since entering the United States. (Dkt. 1 at 4; Dkt. 13 at 2.) Petitioners were initially placed in expedited removal proceedings; Petitioners were then given a credible fear interview and an asylum officer made a positive fear determination. (Dkt. 29 at 3.) Shortly after, Petitioners were served with a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. (Dkt. 29 at 3.) In March of 2026, an immigration judge (IJ) denied Petitioners' applications for asylum and related protection from removal and ordered Petitioners removed to their native country of

Nepal. (Dkt. 13 at 2.) Petitioners filed a timely appeal of the IJ's decision to the Board of Immigration Appeals (BIA) which remains pending. (*Id.*) Accordingly, Petitioners do not have a final order of removal. *See* 8 C.F.R. 1241.1 (stating an order of removal becomes final "upon dismissal of an appeal by the Board of Immigration Appeals").

Petitioners are detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which states that if an immigration officer finds a credible fear of persecution during the Expedited Removal process, an "alien shall be detained for further consideration of the application for asylum." *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1225(b) "mandate[s] detention of aliens throughout the completion of applicable proceedings"); *see also Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019) (deciding that noncitizens subject to expedited removal who pass their credible fear interview and are placed in 8 U.S.C. § 1229a, INA Section 240, proceedings are subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii)). Petitioners were detained shortly after entry, provided with a credible fear interview at which an immigration officer determined they had a credible fear, and their removal proceedings remain ongoing while their appeal is pending with the BIA. Thus, Petitioners are being detained "for further consideration of the application for asylum" under 8 U.S.C. § 1225(b)(1).

Petitioners have remained in immigration detention without an individualized determination of the need for detention for over 18 months since being apprehended by DHS in January of 2025. Petitioners filed their Petition for Writ of Habeas Corpus on May 11, 2026. (Dkt. 1.) Petitioners argue that their current prolonged detention without an individualized determination of the need for detention violates their rights under the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process. (Dkt. 1 at 11–14.)

The Court ordered Respondents to Respond to Petitioners' Petition on or before May 19, 2026. (Dkt. 6.) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioners are lawfully detained under 8 U.S.C. § 1225(b)(2), and that their due process claim fails because their mandatory detention under 8 U.S.C. § 1225(b) does not constitute a due process violation, (Dkt. 13). Petitioners filed reply to Respondents' response, along with a motion to excuse late filing, arguing Respondents fail to effectively rebut their due process claims and emphasizing that their prolonged detention without an individualized determination of the need for detention violates their rights under the Due Process Clause of the Fifth Amendment, (Dkts. 18, 19).

Respondents later filed supplemental briefing arguing that Petitioners are detained pursuant to 8 U.S.C. § 1225(b)(1), or 8 U.S.C. § 1225(b)(2) in the alternative, and reiterating that Petitioners' detention does not constitute a due process violation. (Dkt. 29.) Petitioners also filed an affidavit from Petitioners' cousin, stating that the cousin is willing and able to provide a stable residence and financial support should Petitioners be released on bond. (Dkt. 23.) Petitioners also filed a Motion for Status Update, (Dkt. 23), and Motion for Expedited Review, (Dkt. 28).

**Discussion**

The central question before the Court is whether Petitioners' immigration detention of over 18 months without an individualized determination of the need for detention violates their rights under the Due Process Clause of the Fifth Amendment. (*See* Dkt. 1 at 11–14.) Upon review of Petitioners' case, the Court finds that Petitioners' due process claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri v. Lyons*, the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary

and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri v. Lyons* and analyzes Petitioners' claims under each *Mathews* factor.

Here, the Court finds that all three *Mathews* factors weigh in favor of Petitioner. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335).

First, Petitioners' private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Petitioners have been detained for over 18 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of

detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioners are "being detained despite the fact that [they are] neither a flight risk nor a danger to the community, the Government is erroneously depriving [them] of [their] freedom." *See Rashid*, 807 F. Supp. 3d at 369. Petitioners have not received *any* process to consider whether their current detention of over 18 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioners' favor.

Finally, the Court finds that the Government's interest in detaining Petitioners without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th

133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioners are not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioners. Finally, there is minimal administrative burden where immigration courts already regularly make custody determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1. Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioners' favor.

Thus, the Court holds that because Petitioners' detention has become unconstitutionally prolonged and violates their rights under the Due Process Clause of the Fifth Amendment, they are entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during their removal proceedings or harming the community. *See Giri*, 2026 WL 1361557, at *13.

## CONCLUSION

For the foregoing reasons, Petitioners' Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' response and Motion for Summary Judgment, (Dkt. 13), is **DENIED**.

Given that the Court will grant Petitioners' Petition in Part, the Court finds that the "interests of justice" do not require the appointment of counsel in this case, and Petitioner' Motion for Appointment of Counsel, (Dkt. 2), is **DENIED**. *See* 18 U.S. Code § 3006A. Petitioners' Motion to Excuse Late Filing, (Dkt. 19), is **GRANTED**. Petitioners' Motion for Status Update, (Dkt. 27),

is **DENIED** as moot. Petitioners' Motion to Expedite Review, (Dkt. 28), is **DENIED** as moot. Additionally, given the Court considered the substance of Petitioners' Motion to Traverse as a reply to Respondents' Motion for Summary Judgment, the Clerk of Court is **DIRECTED** to **TERMINATE** Petitioners' Motion for Traverse, (Dkt. 18).

1. Respondents are **ORDERED** to provide Petitioners with an individualized custody review before an immigration judge at which **the Government bears the burden of proving, by clear and convincing evidence**, that Petitioners presents a risk of flight or a danger to the community. At the bond hearing, the **Immigration Judge is also directed to consider the availability of alternatives to detention and conditions of supervision** in determining whether Petitioners are a flight risk. Respondents must provide this hearing within **7 days of the issuance of this Order, or else Respondents must release Petitioners.**

2. If Petitioner is released from detention, Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3. Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioners' custody status within **8 days of the issuance of this Order.**

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order via any receipted means to Petitioners at the following addresses:

**Sunil Shahu**
**A# 221390495**
**Webb County Detention Center**
**9998 S. Highway 83**
**Laredo, TX 78046**

**Khusbu Jaiswal**
**A# 221390493**
**Laredo Processing Center**
**4702 E. Saunders St**

**Laredo, TX 78041**

IT IS SO ORDERED.

SIGNED this July 21, 2026.

Diana Saldaña
United States District Judge